**DAVID J. HARRIS, ESQUIRE**
**Counsel to the Debtor/Defendant, Dustin J. Iacovazzi**
**PA S. Ct. No.: 48558**
**FL Bar No.: 0451207**

**67-69 Public Square, Suite 700**
**Wilkes-Barre, PA 18701**
**Telephone: (570) 823-9400**
**Facsimile:  (570) 208-1400**
**E-Mail:      dh@lawofficeofdavidharris.com**

---

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DUSTIN J. IACOVAZZI, | : | Chapter 13 |
| | : | Case No.: 05:23-bk-00682-MJC |
| | : | |
| Debtor | : | |

---

| | | |
|---|---|---|
| SNOWWOLF f/k/a WOLF DESIGN | : | |
| and WOLFGROUP INTERNATIONAL | : | |
| d/b/a STONEBROOKE | : | |
| EQUIPMENT, INC., | : | |
| | : | Adversary No.: 5:23-ap-00042-MJC |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| | : | |
| DUSTIN J. IACOVAZZI, | : | |
| | : | |
| | : | |
| Defendant | : | |

---

### BRIEF IN SUPPORT OF DEBTOR/DEFENDANT'S MOTION
### TO DISMISS ADVERSARY COMPLAINT

---

The Defendant, DUSTIN J. IACOVAZZI (the "Debtor"), by and through his

counsel, David J. Harris, Esquire, submits this Brief in Support of his Motion to Dismiss

1

the Adversary Complaint of SnowWolf f/k/a WolfDesign and WolfGroup International d/b/a Stonebrooke Equipment ("SnowWolf"), as follows:

**PRELIMINARY STATEMENT OF FACTS AND ARGUMENT**

The Debtor filed a petition under chapter 13 of the Bankruptcy Code on March 30, 2023. (Dkt. #1.[1]) As a result, the deadline under Rule 4007 of the Federal Rules of Bankruptcy Procedure for creditors to file a complaint to challenge the dischargeability of a debt was July 7, 2023.

On July 3, 2023, SnowWolf filed a pleading entitled "Objection to Discharge" seeking to have a debt purportedly owed to it by the Debtor declared to be nondischargeable (the "Objection"). (Dkt. #49.)

On July 13, 2023, the Debtor filed a Motion to Dismiss the Objection for numerous reasons. (Dkt. #50.)

At a hearing held on August 10, 2023, the Court ruled that SnowWolf's Objection was filed improperly as a contested matter, but permitted it to refile its action as an adversary proceeding, but cautioned that the issues raised by it in a new filing could not go beyond, or be of variance to, the issues raised in its Objection.

Thereafter, SnowWolf filed a four-Count Adversary Complaint on August 22, 2023 (the "Complaint"). (Adv. Dkt. #1.)

---

[1] All docket references (Dkt. #__) are references to the docket numbers in the underlying bankruptcy case. Docket references to filings in the instant Adversary Proceeding are identified by (Adv. Dkt. #__).

2

In its Complaint, SnowWolf seeks to have a debt purportedly owed to it by the Debtor decreed to be nondischargable, making only a vague reference to Bankruptcy Code Sections 523(a)(2)(A) and 727[2]. (*See,* Paragraph 30 of the Complaint.)

Count I of the Complaint alleges a general Breach of Contract claim.

Count II of the Complaint alleges a general Quantum Meruit claim.

Count III of the Complaint alleges a general Unjust Enrichment claim.

Count IV of the Complaint alleges a general fraud claim.

As argued by the Debtor in this Brief, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6), as made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), for failing to state a claim for which relief can be granted.

At the outset, SnowWolf *has not alleged a single fact* to support relief under Section 727 to deny the Debtor an overall discharge. Moreover, SnowWolf's "prayer for relief" in the concluding paragraphs of each Count of its Complaint seeks only to have a purported debt owed to it decreed to be nondischargeable. It has not asserted anywhere in its Complaint that it was seeking to have the Debtor denied an overall discharge and makes only a passing reference to Section 727 in Paragraph 30 in Count IV of its Complaint. Therefore, if SnowWolf intended to assert a Section 727 claim, the claim should be dismissed, as it has failed to state a claim for which relief can be granted.

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

SnowWolf has also failed to allege a single fact in its Complaint to support eligibility for relief under Section 523(a)(2)(A) for the following reasons:

(a) First, the Debtor was not a party to a contract or agreement with SnowWolf, a conclusion that is *deemed admitted* by the Proof of Claim and the invoice appended to it that SnowWolf filed with the Court on April 12, 2023[3] that reflects that the sole party with whom it contracted was an entity known as an entity known as Mr. Mow It All. While SnowWolf did not attach, nor make reference to, the Proof of Claim in its Complaint, it attached two exhibits to its Complaint that reflect that the party with whom it contracted was Mr. Mow It All, LLC *and not the Debtor*. (SnowWolf's Proof of Claim is attached to this Motion as Exhibit "A" and the two exhibits appended to its Complaint are attached to this Motion as Exhibit "B."); and

(b) As analyzed in greater detail later in this Brief, SnowWolf has failed to plead any facts to support the elements that are required for relief under Section 523(a)(2)(A), *let alone facts with particularity* to support any claim for fraud as required by Fed. R. Civ. P., Rule 9(b).

Lastly, some of the legal issues raised by SnowWolf in its Complaint go beyond, and are at variance to, the legal issues raised in its Objection and therefore, those issues should not be considered as part of its nondischargeabily claim as running afoul of Rule 4007 and this Court's comment from the Bench on August 10, 2023.

---

[3] See, Claims Docket # 5.

# ISSUES

I. SHOULD SNOW WOLF'S COMPLAINT RELATING TO BANKRUPTCY CODE SECTION 727 BE DISMISSED FOR FAILING TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER FED R. CIV. P. 12(B)(6)?

   Suggested Answer: Yes. Snow Wolf has not cited a single fact to support a claim under the numerous subparagraphs of Section 727. Moreover, its "prayer for relief" in the concluding paragraphs of each Count of its Complaint seeks only to have a purported debt owed to it declared to be nondischargeable. Nowhere in its Complaint does SnowWolf seek to have the Debtor denied an overall discharge under Section 727.

II. SHOULD SNOW WOLF'S COMPLAINT RELATING TO BANKRUPTCY CODE SECTION 523(a)(2)(A) BE DISMISSED FOR FAILING TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER FED R. CIV. P. 12(B)(6)?

   (a) AT THE OUTSET, SHOULD THE COMPLAINT BE DISMISSED BECAUSE THE DEBTOR WAS NOT A PARTY TO ANY CONTRACT OR AGREEMENT WITH SNOWWOLF?

   Suggested Answer: Yes. SnowWolf has not pleaded an enforceable obligation under state law, as the Debtor was not a party to any contract or agreement with SnowWolf. The document attached to SnowWolf's Proof of Claim filed with the Court on April 12, 2023, docketed as Claim #5, reflects that the sole party with whom it contracted was an entity known as Mr. Mow It All. Further, the documents attached to its Complaint as Exhibit A and B establish by admission that the sole party with whom it contracted was an entity known as Mr. Mow It All, LLC and that the Debtor was merely its Managing Member.

   (b) SECONDARILY, SHOULD SNOW WOLF'S COMPLAINT BE DISMISSED FOR FAILING TO PLEAD A CLAIM OF FRAUD WITH PARTICULARITY AS REQUIRED BY RULE 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE IN ORDER TO SATISFY THE ELEMENTS OF BANKRUPTCY CODE SECTION 523(a)(2)(A)?

   Suggested Answer: Yes. SnowWolf did not plead any facts, let alone facts with particularity, as required by Fed. R. Civ. P., Rule 9(b) to satisfy the elements to enable it to prevail in a §523(a)(2)(A) action.

5

III.     SHOULD AN AMENDED COMPLAINT BE ALLOWED?

Suggested Answer: No. SnowWolf has had the opportunity to refile its initial pleading. A further amendment of the Complaint would be futile, as no facts exist that would enable it to state a claim upon which relief can be granted.

## THE LAW

### A. Standard for Deciding a Motion to Dismiss Under Federal Rule of Bankruptcy Procedure 7012(b)(6).

Fed. R. Bankr. P. 7012(b) makes Fed. R. Civ.P. 12(b)-(i) applicable to bankruptcy proceedings. Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted.

Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) is made applicable to adversary proceedings by Fed. R. Bankr. P. 7008.

The United States Supreme Court heightened this pleading standard by holding that, for a complaint to withstand a motion to dismiss, *a claim must be more than possible, it must be plausible*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d Ed. 929 (2007). (Emphasis added.)

Two years later, the Supreme Court went further to define "facial plausibility' as follows:

> A claim has facial plausibility when the plaintiff *pleads factual content that allows the court to draw the reasonable inference* that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it *asks for more than a sheer*

6

> *possibility* that a defendant has acted unlawfully and *not where a complaint pleads facts that are merely a possibility* without the plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citations and quotations omitted*)*.(Emphasis added.)

When deciding a motion to dismiss, the court may consider the complaint and attached exhibits and matters of public record. *Pension Ben. Gur. Corp. v. White Consol. Industries, Inc.* 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, *1 (D. Del., Jan. 30, 2015). (Emphasis added.) Additionally, the court may consider an indisputably authentic document which a defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Ben. Guar. Corp.*, 998 F.2d at 1196; *See also, Miller v. Clinton County,* 544 F.3d 542, 550 (3d Cir. 2008).

Furthermore, the Federal Rules of Evidence ("F.R.E.") apply to proceedings before United States Bankruptcy Judges. Fed. R. Evid. 1101(a); *In re Barnes,* 266 B. R. 397, 403 (8th Cir. BAP 2001). F.R.E. Section 201 allows a federal court to take judicial notice of facts that are not subject to reasonable dispute. A bankruptcy court may take judicial notice of the docket events in a case, contents of the bankruptcy schedules to determine the timing and status of case events, as well as other facts not reasonably in dispute. *In re Harmony Holdings, LLC,* 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino,* I, 1991 WL 284107, *12 n. 19 (Bankr. E.D. Pa., Jan. 11, 1991).

However, pleading some special matters requires more particularity. There is a heightened pleading standard for averments of fraud. Fed. R. Civ. P. 8(a)'s simplified

7

pleading standard applies to all civil actions with limited exceptions. For example, Fed. R. Civ. P. 9(b), provides for greater particularity in all averments of fraud or mistake. *Swierkiewicz v. Sorema N.A.*, 122 S. Ct. 992, 998 (2002).

Where fraud is alleged, the complainant should accompany a pleading with the first paragraph of any newspaper story – that is, the who, what, when, where, and how of the events at issue. *In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198, 217 (3d Cir. 2002) (internal citations omitted). The heightened pleading standard for fraud allegations furthers important purposes: (1) due notice to defendants, (2) increased protections from possibly defamatory statements, and (3) decreasing the number of frivolous suits. *In re Adalian*, 481 B.R. 290, 294 (Bankr. M.D. Pa. 2012); *In re Glunk*, 343 B.R. 754, 757 (Bankr. E.D. Pa. 2006) (complaints for non-dischargeability for fraud under § 523(a)(2)(A) are governed by the heightened pleading requirements of Fed. R. Bankr. P. 7009 and Fed. R. Civ. P. 9(b)).

When considering a motion to dismiss, the Court views the complaint's factual allegations and its pled legal conclusions differently. The Third Circuit has explained:

> The District Court must accept all of the complaint's well-pleaded facts as true, but *may disregard any legal conclusions*. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff *has a "plausible claim for relief."* In other words, a complaint *must do more than allege* the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted); *In re Brown*, 591 B.R. 587, 591 (Bankr. M.D. Pa. 2018); *see also In re EP Liquidation, LLC*, 583 B.R. 304, 314 (Bankr. D. Del. 2018). (Emphasis added.)

### B. Discstrongargeability Generally Favored

One of the underlying purposes of the Bankruptcy Code is to allow a debtor a fresh start. Thus, exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors. *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995); *In re Gotwald*, 488 B.R. 854, 865 (Bankr. E.D. Pa. 2013); *Customers Bk. v. Osadchuk*, 2018 WL 4562403, at *2 (D.N.J. Sept. 24, 2018); *In re Adalian*, 474 B.R. 150, 160 (Bankr. M.D. Pa. 2012).

### C. What Are the Required Elements to Prove a Non-Dischargeable Claim?

Generally, in a non-dischargeability action, the bankruptcy court addresses two separate questions. First, has the complainant pled an enforceable obligation under state law? If it has, is the debt non-dischargeable under § 523(a)(2)(A) of the Bankruptcy Code? *Black v. Gigliotti*, 514 B.R. 439, 444 (E.D. Pa. 2014); *In re August*, 448 B.R. 331, 346 (Bankr. E.D. Pa. 2011).

As to the first question, a bankruptcy court looks to state law to determine whether there is an enforceable claim against a debtor. *Grogan v. Garner*, 498 U.S. 279, 282-84, 111 S. Ct. 654, 657-58 (1991); *In re Hazelton*, 304 B.R. 145, 150 (Bankr. M.D. Pa. 2003).

In Pennsylvania, a breach of contract claim generally requires the showing of three elements: (1) the existence of a contract, including its essential terms; (2) a breach

9

of a duty imposed by the contract; and (3) resultant damage. *Stark v. White*, 2013 WL 11266157, at *5 (Pa. Super. Apr. 4, 2013) (internal citations omitted).

Concerning the second question, the issue of the alleged non-dischargeability of a creditor's valid claim is a matter of federal law governed by the provisions of the Bankruptcy Code. *Grogan*, 498 U.S. at 284; *In re Pulvermacher*, 567 B.R. 881, 886 (Bankr. W.D. Wis. 2017); *In re Guest*, 193 B.R. 745, 747 (Bankr. E.D. Pa. 1996).

### D. Is Any Breach of Contract Claim Non-Dischargeable Pursuant to § 523(a)(2)(A)?

To prevail in a § 523(a)(2)(A) action, a creditor must prove <u>*all*</u> of the following: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deprive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; <u>*and*</u> (5) the creditor sustained a loss as a proximate result of the representation. *In re Griffith*, 2014 WL 4385743, at *3 (Bankr. M.D. Pa. Sept. 4, 2014); *In re Ritter*, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009).

A mere breach of contract alone does not establish actual fraud or misrepresentation under § 523(a)(2)(A). *In re Giquinto*, 388 B.R. 152, 166 (Bankr. E.D. Pa. 2008); *In re Antonius*, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006); *In re Witmer*, 541 B.R. 769, 777-78 (Bankr. M.D. Pa. 2015).

### E. Should an Amended Pleading be Allowed?

Generally, when a motion to dismiss is granted, the court should permit an amendment to cure the defect, unless an amendment would be inequitable or futile.

10

*Phillips v. Cty of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *In re Broad Street Media LLC*, 2017 WL 5624879, at *10 (Bankr. D.N.J. Nov. 20, 2017).

Amendment of a complaint is futile where the complaint, as amended, would fail to state a claim upon which relief can be granted. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997); *In re Vertis Holdings, Inc.*, 536 B.R. 589, 608 (Bankr. D. Del. 2015).

## APPLICATION OF THE LAW

### I. Should SnowWolf's Claim under Section 727 Be Dismissed, if in Fact It Raised Such Claim

Paragraph 30 in Count IV of the Complaint declares that … "[§]727 of the Bankruptcy Code specifically exempts a debtor from discharging debts of money if such debts were obtained by false pretenses and fraud." From this declaration, it is not clear whether SnowWolf is seeking to assert a claim under Section 727, but if it has sought to do so, it has failed to state a claim for which relief can be granted.

Section 727 identifies a broad range of acts which, if proven, could prevent a debtor from receiving *a general discharge* upon the conclusion of his or her bankruptcy case. SnowWolf, however, *has not alleged a single fact to support relief* under any of the numerous subparagraphs of Section 727. *By contrast*, SnowWolf, in its "prayer for relief" in the concluding paragraphs of each Count of its Complaint, seeks only to have a purported debt owed to it by the Debtor declared to be nondischargeable. *Nowhere in the Complaint* does SnowWolf assert that it is seeking to have the Debtor denied a general

11

discharge as to all creditors and nowhere does it present facts in support of any such claim.

For these reasons, a claim under Section 727, if one had been intended to be raised, should be dismissed as SnowWolf has failed to state a claim for which relief can be granted.

II.         Should SnowWolf's Claim under Section 523(a)(2)(A) Be Dismissed

Generally, in an action where a creditor seeks to have a debt owed to it declared to be non-dischargeable, the bankruptcy court addresses two separate questions: (1) Has the complainant pled an enforceable obligation under state law; and if it has, (2) Is the debt non-dischargeable under § 523(a)(2)(A) of the Bankruptcy Code?

(a)         Has SnowWolf Pled an Enforceable Obligation Under State Law

In Pennsylvania, a breach of contract claim generally requires the showing of three elements: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damage. *Stark v. White*, 2013 WL 11266157, *supra*.

Here, the foregoing elements do not even need to be considered because, by SnowWolf's *own admission*, *the Debtor* was not a party to a contract or agreement with it.

By filing its Proof of Claim on April 12, 2023, SnowWolf admitted that the sole party with whom it contracted was an entity known as *Mr. Mow It All*. Specifically, the invoice that is appended to the Proof of Claim was one between SnowWolf and Mr. Mow

12

It All. *Nowhere does the agreement make reference* to the Debtor as an obligor, co-signer, or guarantor. *See*, Claims Docket #5 and Exhibit A attached to this Motion.

SnowWolf's Proof of Claim, on its face, *is a deemed admission* for which a bankruptcy court may take judicial notice both as a docket event in the case and as an exhibit attached to an underlying motion to dismiss. *See*, F.R.E. Section 201, *In re Harmony Holdings, LLC,* 393 B.R. at p. 413, *supra., In re Paolino,* 1991 WL 284107 *12 n. 19, *supra* and *Pension Ben. Gur. Corp,* 998 F .2d at p. 1196, *supra*.

While SnowWolf did not attach to its Complaint a copy of its Proof of Claim, it did append two exhibits to its Complaint *that support* that the sole party with whom it contracted was an entity known as Mr. Mow It All, LLC and not the Debtor.

Exhibit A of the Complaint is an Invoice issued to *Mr. Mow It All*, having an email address of "mrmowitallnepa@gmail.com" with the following notation at the top:

"Bill To," "Sold To," and "Ship To":  Mr. Mow It All.

Nowhere on the Invoice is there any indication that SnowWolf intended to bill or hold any entity or person accountable, other than Mr. Mow It All.

Similarly, Exhibit B of the Complaint is a "Confidential Credit Application" that *clearly reflects* its "Customer" as "Mr. Mow It All Property Management LLC dba dirtgrassenterprises."  Nothing was hidden. The identity of the "Customer" is clear and explicit. *By contrast*, the Debtor (i.e., Dustin Iacovazzi) is identified only as the "*Managing Member*" of Mr. Mow It All, LLC and not as a contracting party.

As SnowWolf has failed to plead an enforceable obligation under state law against the Debtor, its claim for non-dischargeability under § 523(a)(2)(A) of the Bankruptcy

13

Code fails, and therefore, its Complaint should be dismissed for failing to state a claim upon which relief can be granted. As SnowWolf's pleading establishes on its face that no contract with the Debtor existed, claims against the Debtor for Quantum Meruit and Unjust Enrichment fail as well, as it was Mr. Mow It All, LLC with whom SnowWolf contracted and had established a relationship, and not the Debtor.

### (b) Aside from Failing to Plead an Enforceable Claim under State Law, Has SnowWolf Failed to Plead the Elements for Non-Dischargeability Under section 523(a)(2)(A) and Fed. R. Civ. P., Rule 9(b)

Even though *the Debtor* had no contractual or other relationship with SnowWolf, SnowWolf has failed to plead the elements to support a Section 523(a)(2)(A) nondischargeability claim, let alone facts *with particularity* to support a claim for fraud as required by Fed. R. Civ. P., Rule 9(b).

SnowWolf's allegations are threadbare assertions.

As Counts I through III *allege no facts* relating to: (i) any type of wrongdoing that could give rise to a nondischargeability claim, and (ii) how the Debtor could in any way be liable to SnowWolf contractually or otherwise, the focus here will be on each allegation in Count IV of the Complaint.

As recited earlier in this Brief, a mere breach of contract alone does not establish actual fraud or misrepresentation under § 523(a)(2)(A). *In re Giquinto*, 388 B.R. 152, 166 (Bankr. E.D. Pa. 2008); *In re Antonius*, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006); *In re Witmer*, 541 B.R. 769, 777-78 (Bankr. M.D. Pa. 2015).

By contrast, to prevail in a §523(a)(2)(A) action, a creditor must prove *all of the following*: (1) the debtor made a false representation; (2) the debtor knew the

14

representation was false when it was made; (3) the debtor intended to deprive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; *and* (5) the creditor sustained a loss as a proximate result of the representation. *In re Griffith*, 2014 WL 4385743, at *3 (Bankr. M.D. Pa. Sept. 4, 2014); *In re Ritter*, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009).

Here, SnowWolf has pleaded no facts to address these elements.

Without any factual support, it alleges in Paragraph 24 of its Complaint that the Debtor "intentionally, wantonly and deliberately purchased the goods in question without intending to pay for them." Did SnowWolf plead that the Debtor made a false representation? *No*. Did SnowWolf plead that the Debtor knew the representation was false when it was made? *No*. Did SnowWolf plead that the Debtor *intended* to deprive it or to induce him to act upon his representation? *No*.

In Paragraph 25, SnowWolf then alleges that the Debtor "ordered said goods at a time he was already insolvent and planning on filing for bankruptcy."

SnowWolf's allegation that the Debtor did not intend to pay for the goods is, at best, *a mere inference*, apparently *based on the speculative assertion* that the Debtor "was already insolvent and planning on filing for bankruptcy."

By contrast, SnowWolf *fails to disclose* that the Invoice attached as Exhibit A to its Complaint reflects an "Order Date" of November 29, 2021, *almost one and one-half years prior to the Debtor's bankruptcy filing date* of March 30, 2023 and that it *had the opportunity to review* Mr. Mow It All's financials as reflected by the Confidential Credit Application dated November 30, 2021 that was attached as Exhibit B. These facts, which

15

are part of the Complaint, *contradict SnowWolf's inference*. Assuming for argument sake that the Debtor was a contracting party here, is it plausible that the Debtor contemplated ahead of time filing a bankruptcy petition one and one-half years later after Mr. Mow It All,, LLC entered into the agreement with SnowWolf?

The allegations in the Complaint fail to meet the "facial plausibility" standard of *Ashcroft v Iqbal, supra*, where the Supreme Court stated that the plausibility standard "asks for *more than a sheer possibility* that a defendant acted unlawfully and *not where* a complaint pleads facts that are *merely a possibility* without the plausibility of entitlement to relief." 556 U.S. at 678, 129 S. Ct. at 1949 and 173 L. Ed. 2d at 868. (Emphasis added.)

Stretching to create some basis to support its claim, SnowWolf alleges in Paragraph 26 that the Debtor "set up several businesses, fictitious names and sham corporations, which is deliberately confusing for the purpose of evading liability." In response, SnowWolf's assertion has no bearing for establishing the elements of *Section 523 (a)(2)(A)*[4].

Nevertheless, the identity of the "Customer" is clear on both the agreement that is appended to the Proof of Claim and the Invoices and the Confidential Credit Application that are attached to the Complaint. The allegation regarding the use of multiple entities, *while absolutely untrue*, is nevertheless irrelevant for establishing any of the five elements that are required to prevail under Section 523(a)(2)(A).

---

[4] As an aside, SnowWolf *did not raise a claim under Section 523(a)(2)(B),* a provision that is used to challenge dischargeabilty based on false written statements that are used to procure loans or sales of goods on credit.

16

Continuing in paragraph 27, Snow Wolf alleges that the Debtor "sold the subject goods to a third party having not paid a cent for them," an assertion that also is a *non sequitur* having no bearing on establishing the elements of a dischargeability claim under Section 523(a)(2)(A). A mere breach of contract alone does not establish actual fraud or misrepresentation under § 523(a)(2)(A). *See*, *In re Giquinto* at p. 166, *In re Antonius* 358 B.R. at p.182 and *In re Witmer*, 541 B.R. at 777-78.

In Paragraph 28, SnowWolf, without factual support of any kind, declares that "it is believed and averred that said third-party was an insider or insider entity" to whom the Debtor transferred the subject goods. Nowhere, does SnowWolf provide facts that describe how this allegation is germane for establishing the elements that are necessary for a dischargeability claim under Section 523 (a)(2)(A).

In Paragraph 29, Snow Wolf's declares that "said actions constitute fraud on the part of the defendant." As the Third Circuit has explained, "[t]he… court must accept all of the complaint's well-pleaded facts as true, but *may disregard any legal conclusions*. See, Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11. This declaration may be disregarded. It is a threadbare legal conclusion.

Similarly, Paragraph 30 sets forth Snow Wolf's legal conclusion that Sections "523(a)(2)(A) and 727 of the Bankruptcy Code specifically exempts a debtor from discharging debts of money of such debts were obtained by false pretenses and fraud." This declaration should be disregarded. No facts are pleaded here. It is a legal conclusion.

SnowWolf then alleges in Paragraph 31 that the debtor "co-mingled funds and assets between insiders and insider entities in an effort *to avoid liability and minimize*

17

*losses due to his bankruptcy.*" This allegation, like the others addressed above, is not germane to a Section 523(a)(2)(A) claim, as it does not address the elements that are required to prevail under Section 523(a)(2)(A). Specifically, SnowWolf acknowledges in Paragraph 31 that its concern with co-mingling is that by doing so, it establishes that the Debtor sought to "avoid liability and minimize losses due to his bankruptcy." The allegation, however, has no relevance to any of the elements that need to be pleaded to establish a Section 523(a)(2)(A) claim.

Nevertheless, if SnowWolf is implying by its allegation that the corporate veil of Mr. Mow it All, LLC should be pierced to enable it to proceed against the Debtor, (a) it has not pleaded any facts under state law, let alone facts with particularity, to support a corporate-veil-piercing claim; and (b) the claim is beyond the scope of what was alleged in the Objection and is barred from being raised now.

Similarly, in paragraphs 32 and 33, SnowWolf alleges that the Debtor "did not hold itself out as a corporation and, subsequent, hid behind a corporate veil"[5] and "such action justifies piercing the corporate veil and nullifying any corporate protection." Again, the allegation is not germane to a dischargeability claim under Section 523 (a)(2)(A) and is beyond the scope of what was alleged in the Objection and is therefore barred from being raised here. Nevertheless, for the reasons argued in the previous paragraph, SnowWolf was *fully aware of the identity of its "Customer"* and had ample opportunity to review its Confidential Credit Application.

---

[5] SnowWolf glosses over that the agreement was with Mr. Mow It All, LLC, the Invoices were issued to Mr. Mow It All, LLC and the Confidential Credit Application was with Mr. Mow It All, LLC, which made a clear reference that the Debtor was the Managing Member and not the obligor.

18

Lastly, in paragraph 34, SnowWolf pleads that "Pennsylvania Rules of Civil Procedure allows for imposition of all pecuniary damage, including attorney's fees, which result is a direct consequence of a fraud committed by Defendant." This allegation is a conclusion of law that has no relevance to a dischargeability claim and should be disregarded for the reasons argued earlier in this Brief.

## CONCLUSION

SnowWolf's Complaint should be dismissed *with prejudice* under Fed R. Civ. P. 12(b)(6) because: (a) it fails to state a claim under Section 727 of the Bankruptcy Code; (b) it fails to state a claim under Section 523 (a)(2)(A) of the Bankruptcy Code, as (i) it has not pleaded an enforceable obligation under state law, nor for argument sake that an enforceable obligation existed under state law, (ii) it did not plead, as required by Fed. R. Civ. P., Rule 9(b) the elements with particularity to prevail in a §523(a)(2)(A) action; and (c) allowing an amendment would be futile because any complaint, as amended, would continue to fail to state a claim upon which relief can be granted.

Dismissal here is also appropriate and consistent with by one of the underlying purposes of the Bankruptcy Code -- to allow a debtor a fresh start and the rule that exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors.

RESPECTFULLY SUBMITTED:

Dated: September 21, 2023  By:/s/ David J. Harris
Wilkes-Barre, Pennsylvania    DAVID J. HARRIS, ESQUIRE