UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Dustin J. Iacovazzi, | : | Case No. 5:23-00682-MJC |
| | : | |
| Debtor. | : | |
| SnowWolf, f/k/a WolfDesign and WolfGroup International, d/b/a Stonebrooke Equipment, Inc., | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding |
| v. | : | No. 5:23-00042-MJC |
| | : | |
| Dustin J. Iacovazzi, | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM

The matter before the Court is the Defendant's second motion to dismiss this adversary proceeding with prejudice. The Plaintiff brought this proceeding seeking to hold the Defendant liable for non-payment of commercial snowplow equipment allegedly purchased by an entity in which the Defendant holds an interest and a determination that the debt is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A). Based on the reasons set forth below, the motion to dismiss will be granted in part and denied in part.

I. **JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the United States District Court for the Middle District of Pennsylvania dated March 11, 2016. The determination of the dischargeability of a debt is a core

proceeding pursuant to 28 U.S.C. §157(b)(2)(I). The state common law claims asserted in the Amended Complaint are non-core. The parties consented to entry of final orders and judgment by the Bankruptcy Court. Venue is proper pursuant to 28 U.S.C. §1409(a).

**II.     PROCEDURAL HISTORY**

The procedural history of this bankruptcy case and adversary proceeding was set forth in detail in this Court's Opinion issued on March 22, 2024 ("Opinion"), which the Court incorporates by reference. *See In re Iacovazzi*, 2024 WL 1262820 (Bankr. M.D. Pa. 2024). The Court will therefore, summarize briefly the relevant history.

On March 30, 2023, the Debtor Dustin Iacovazzi ("Debtor" or "Defendant") filed a Chapter 13 Bankruptcy petition. The Debtor's schedules acknowledged a disputed debt to SnowWolf ("Plaintiff") in the amount of $94,338.35. BK Dkt. # 68 at 21.[1] The Debtor's Amended Schedule A/B lists an interest in "Mr. Mowitall, LLC d/b/a Dirtgrassnow Enterprises." BK Dkt. # 68 at 3. The Debtor confirmed his Chapter 13 Plan on January 5, 2024. BK Dkt. # 103.

On April 12, 2023, the Plaintiff filed a Proof of Claim # 5-1 ("Claim") in the amount $74,575.77 for goods sold. In support of the Claim, the Plaintiff submitted invoices it sent to "Mr. Mow It All" for various snow plowing equipment and interest charges.

On August 22, 2023, the Plaintiff instituted this adversary proceeding. After the Court granted the Defendant's first motion to dismiss, the Plaintiff filed an amended complaint ("Amended Complaint"). Dkt. # 25. The Defendant filed its second Motion to Dismiss Adversary

---

[1] Docket entries referenced in the main bankruptcy case are designated as "BK Dkt." and in this adversary proceeding as "Dkt."

Complaint with Prejudice ("Motion to Dismiss"). Dkt. # 28. After briefing and oral argument, held on May 29, 2024, the Court took the Motion to Dismiss under advisement.

### III.  LEGAL STANDARD

The legal standard for reviewing a motion to dismiss is well known:

> Federal Rule of Bankruptcy Procedure 7012(b) ("F.R.B.P.") makes Federal Rule of Civil Procedure 12(b)-(i) ("F.R.C.P.") applicable to bankruptcy adversary proceedings. F.R.C.P. 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted. Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). However, the Supreme Court heightened this pleading standard by holding that for a complaint to withstand a motion to dismiss, a claim must be more than possible, it must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L.Ed.2d 929 (2007).
>
> * * *
>
> Two years later, the Supreme Court gave further guidance as to the meaning of "facial plausibility." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal citations and quotations omitted). The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.*
>
> At the motion to dismiss stage, only well pled facts are viewed in the light most favorable to the non-moving party, in this case, the Debtor. *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 291 (3d Cir. 1988). Alternatively, legal conclusions are not assumed to be correct at the motion to dismiss stage.
>
> * * *
>
> The Third Circuit has also provided guidance on the differing standards regarding a complaint's alleged facts and legal conclusions at the motion to dismiss stage:
>
>> The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to

3

> show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such entitlement with its facts.
>
> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations and quotations omitted).

*Lewis v. The Money Source, Inc. (In re Lewis)*, 621 B.R. 626, 628–29 (Bankr. M.D. Pa. 2020) (per J. Opel). The Court will apply this standard in reviewing the Motion to Dismiss.

IV. **DISCUSSION**

The Defendant moves to dismiss the Amended Complaint pursuant to Rule 12(b)(6) on essentially the same grounds he asserted in his motion to dismiss the original Complaint. The Motion to Dismiss asserts that the Defendant was not a party to the contract and therefore cannot be held personally liable and the Plaintiff has not alleged facts with sufficient particularity to support its claim of nondischargeability on the basis of fraud. At bottom, the Defendant argues that the amendments to the Complaint are insufficient to push the Plaintiff's claims into the plausible category. Respectfully, the Court disagrees, with the exception of the quantum merit claim.

A. **Section 523(a)(2)(A)**

The Amended Complaint has been re-ordered and the Plaintiff's fraud claim[2] is now labeled Count I, which asserts that the Defendant submitted a credit application ("Credit Application") under the name "Mr. MowItAll Property Managment (sic) LLC d/b/a

---

[2] To prevail on a §523(a)(2)(A) claim, a creditor must prove all of the following: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deprive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and (5) the creditor sustained a loss as a proximate result of the representation. *In re Griffith*, 2014 WL 4385743, *3 (Bankr. M.D. Pa. Sept. 4, 2014).

4

DirtGrassSnow Enterprises" and at that time, there was no such entity in existence. In support of this contention, the Plaintiff attached to the Amended Complaint, a copy of a business search from the Pennsylvania Department of State website that shows no record for "Mr. MowItAll Property Managment, LLC." The Plaintiff alleges *inter alia*, that using this non-existent entity, the Defendant intentionally misled the Plaintiff into granting credit to the Defendant.

In response to these new averments, the Defendant argues that the Amended Complaint is based on a faulty premise – which is that the entity does not exist. Thus, in an attempt to refute the premise, the Defendant attached to his brief, a Certificate of Organization Domestic Limited Liability Company for an entity "Mr. Mowitall Property Management, LLC." *See* Dkt. # 29 at 26. The document shows it was filed on January 4, 2018. The Defendant also attached a Certificate of Amendment relating to Mr. Mowitall Property Management, LLC. This Certificate was signed by the Defendant as "Member." It appears that the Defendant filed the amendment to change the name of Mr. Mowitall Property Management, LLC to "DGS Limited" on April 9, 2021, with the amendment effective upon its filing with the Department of State. *Id.* at 28.

With these submissions, the Defendant seems to suggest that Mr. Mowitall Property Management, LLC is the same entity that submitted the Credit Application (with presumably just a misspelling of "Management"). If that is the case, then according to the Defendant's exhibit, Mr. Mowitall Property Management, LLC changed its name to "DGS Limited" over seven months *prior* to submitting the Credit Application to SnowWolf.[3]

---

[3] The Court also notes that the Defendant does not list Mr. Mowitall Property Management, LLC or DGS Limited on his Schedule A/B or on his Statement of Financial Affairs ("SOFA"). The Defendant listed only an entity named "Mr. Mowitall, LLC d/b/a Dirtgrassnow Enterprises" on his Schedule A/B, with no percentage of interest specified. BK Dkt. # 28 at 5. On his SOFA, the Defendant only listed an entity under the name of "Mr. Mowitall d/b/a Dirtgrassow Ent" that he either owned or had a connection to in the 4 years prior to the filing of this case. *Id.* at 45. It's unclear whether the three "Mr. Mowitall" entities are the same or different limited liability companies. The EIN or Federal Tax Identification numbers on the Credit Application compared to the SOFA are similar but do not match.

Despite the inconsistencies that the Plaintiff identified in the Amended Complaint, the Defendant claims that nothing was hidden and the names were clearly indicated on the Credit Application and invoices and the EIN was on the Credit Application. However, no explanation was offered as to why the Defendant was using the former name, which no longer existed, on the Credit Application.

Based on the additional facts alleged in the Amended Complaint and the Department of State documents, the Court finds that the Plaintiff has pleaded enough facts to raise a reasonable inference that discovery will uncover further evidence to support the Plaintiff's claim. Therefore, the Court concludes that the Plaintiff has stated a plausible claim under §523(a)(2)(A) and the Motion to Dismiss will be denied as to the fraud claim.

### B. Breach of Contract

Count II of the Amended Complaint is a claim for breach of contract. This claim also stems from the allegedly fraudulent Credit Application, where the Defendant allegedly used the former name of a business entity of which he was a managing member to obtain credit and procure goods for which he failed to pay. With the new averments, the Plaintiff has clarified it is alleging that: the Defendant was using the former name of his business entity, which was not in existence when the transactions occurred; the Defendant was aware of the name change and was thus holding himself out as the managing member of a non-existent entity; the Defendant was the real contracting party (or alternatively, the corporate veil should be disregarded due to the misrepresentations); and the Defendant failed to pay for the equipment that he obtained due to his fraudulent conduct.

As the Court stated in the Opinion, under Pennsylvania law,[4] a claim for breach of contract has three elements: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *McShea v. City of Phila.,* 606 Pa. 88, 97 (Pa. 2010) (citing *Hart v. Arnold,* 884 A.2d 316, 332 (Pa. Super. 2005)). "When performance of a duty under a contract is due, any nonperformance is a breach." *Widmer Engineering, Inc. v. Dufalla,* 837 A.2d 459, 467 (Pa. Super. 2003) (quoting Restatement (Second) of Contracts §235(2) (1981)).

Under the facts alleged, the Plaintiff has sufficiently stated a breach of contract claim and the Motion to Dismiss this count will be denied.

### C. Quantum Meruit

The Plaintiff has pleaded no new facts in support of its quantum meruit claim. In the Opinion, the Court stated:

> Quantum meruit is generally only available to recover the value of services performed and is not applicable when the contract is one for the sale of goods. *See Belmont Indus., Inc. v. Bechtel Corp.*, 425 F. Supp. 524, 527 (E.D. Pa. 1976) ("A quantum meruit recovery is incompatible with the concept of a contract for the sale of goods.").

The Amended Complaint has not pleaded services were provided to the Defendant and the attached invoices do not include services. Accordingly, Count III will be dismissed without leave to amend.

---

[4] The Court has again assumed that Pennsylvania law applies.

### D. Unjust Enrichment

As the Court stated in the Opinion, under Pennsylvania law, "the unjust enrichment doctrine is inapplicable when the relationship between the parties is founded on a written agreement or express contract." *Hollenshead v. New Penn Fin., LLC*, 447 F. Supp. 3d 283, 293 (E.D. Pa. 2020) (citing *Benefit Tr. Life Ins. Co. v. Union Nat'l Bank*, 776 F.2d 1174, 1177 (3d Cir. 1985) (quoting *Schott v. Westinghouse Elec. Corp.*, 436 Pa. 279 (1969))). An unjust enrichment claim pleaded in the alternative is allowed only when there is some dispute as to whether a valid, enforceable written contract exists. *See Hollenshead*, 447 F. Supp. 3d at 293 (quoting *Montanez v. HSBC Mortg. Corp. (USA)*, 876 F. Supp. 2d 504, 516 (E.D. Pa. 2012)). Based on the new averments, there is some question whether the contacts are valid; therefore, the unjust enrichment claim is allowable as an alternative claim.

### V. CONCLUSION

Based upon the above stated reasons, the Court will grant the Defendant's Motion to Dismiss on the quantum meruit claim only. The Motion to Dismiss is denied as to all other Counts.

An appropriate order will be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: September 26, 2024